

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. O. P. Lockhart          Opinion No. O-5473
Chairman                     Re:   Do the Texas and Pacific Rail-
Board of Insurance           way Company First Mortgage 5% Bonds
Commissioners                qualify as tax reducing securities
Austin, Texas                under Article 7064, Vernon's Annotated
                             Civil Statutes?

Dear Sir:

Your letter of July 20, 1943, requesting the opinion of this department on the above stated question reads as follows:

"Your opinion is requested as to whether or not Texas and Pacific Railway Company First Mortgage 5% Bonds due 2000 qualify as tax reducing securities under A_rticle 7064. We are giving you some general information about the nature of this company and the nature of the bond issue. It may be that this bond issue qualifies as tax reducing under the term in said Article 7064: 'or other property in this state in which by law such insurance carriers may invest their funds.' The quoted phrase names a type of security which is classed as tax reducing.

"The home office of the Texas and Pacific Railway Company is in Dallas, Texas.

"Out of the total mileage, 1,800, about 1,200 miles of the Railway are located in Texas.

"Because of the conditions listed in the next preceding paragraph a majority of the employees are residents of Texas and most of the money disbursed by the company is spent in Texas.

"The company operates under a Federal charter, but some other securities qualify as tax reducing where the corporations or associations have Federal charters such as Savings and Loan Associations.

"There is also attached for your information a detailed statement of this particular bond issue."

The detailed statement of the bonds under consideration which is attached to your inquiry is as follows:

### "TEXAS AND PACIFIC RAILWAY COMPANY
### First Mortgage 5% Bonds
### Due June 1, 2000

"$24,989,000 outstanding - Closed Mortgage (no further bonds ranking equally with or prior to this mortgage can be issued.)

"Secured by a first lien on 1394.38 miles of railroad from Texarkana, Texas, via Marshall and Whitesboro, to Sierra Blanca, Texas (near El Paso), with branch from Marshall to Thurber, Texas, from Marshall to Reisor, La., and from Shreveport, La. to New Orleans, La. with branches to Port Allen and Indian Village, La.; a second lien on 387.96 miles of road.

"Legal for purchase by savings banks in California, Maine, Massachusetts, New Hampshire, New York and Rhode Island.

"Total value of road and equipment approximately $190,000,000.

"First Mortgage Bonds are followed by junior debt in the amount of about $52,000,000, by $23,703,000 (Par $100) 5% non-cumulative preferred stock and $38,755,000 (Par $100) common stock.

"Interest on all debt earned as follows:

| | | | |
|---|---|---|---|
| 1938 | 1.36 times | 1941 | 1.92 times |
| 1939 | 1.25 " | 1942 | 3.34 " |
| 1940 | 1.40 " | 1943 | 3.49 times (12 mos. ending May 31, 1943) |

Interest payments have been made promptly, when due, for the past ten years."

Article 7064, Vernon's Annotated Civil Statutes, provides in part:

"Every insurance corporation, Lloyds or reciprocals, and any other organization or concern transacting the business of fire, marine, marine inland, accident, credit title, livestock, fidelity, guaranty, surety, casualty, or any other kind or character of insurance business other than the business of life

insurance, and other than fraternal benefit associations, within this State at the time of filing its annual statement, shall report to the Board of Insurance Commissioners the gross amount of premiums received upon property located in this state or on risks located in this State during the preceding year, and each of such insurance carriers shall pay an annual tax upon such gross premium receipts as follows: . . . If any such insurance carriers shall have as much as one-fourth of its entire assets, as shown by said sworn statement invested in any or all of the following securities; real estate in this State, bonds of this state or of any county, incorporated city or town of this State, or other property in this State in which by law such insurance carriers may invest their funds, then the annual tax of any such insurance carrier shall be one and one-half (1½) percent of its said gross premium receipts; . . ."

Article 7064, supra, provides for a further reduction in taxes where greater amounts of the funds mentioned in said statute are invested in securities therein named.

Article 4706, Vernon's Annotated Civil Statutes, sets forth or names the securities in which insurance companies, except companies writing life, health and accident insurance, may invest their funds over and above their paid up capital stock.

Article 4706, Vernon's Annotated Civil Statutes, provides in part:

"No company, except any writing Life, Health, and Accident Insurance, organized under the provisions of this Chapter shall invest its funds over and above its paid-up capital stock in any other manner than as follows:

". . . .

"(d) In the capital stock, bonds, debentures, bills of exchange or other commercial notes or bills and securities of any solvent dividend paying corporation which has not defaulted in the payment of any of its obligations for a period of five (5) years; provided that no such insurance company shall invest in its own stock, and provided that no such insurance company shall invest any of its funds in any stock on account of which the holders or owners thereof may, in any event, be or become liable to any assessment except for taxes, nor in

the stock of any oil, manufacturing or mercantile corporation organized under the laws of this State unless such corporation had a net worth of not less than Two Hundred Fifty Thousand ($250,000.00) Dollars provided that such corporation is solvent, dividend paying, and has not defaulted in the payment of any of its obligations for a period of five (5) years, nor in the stock of any oil, manufacturing or mercantile corporation not organized under the laws of this State unless such corporation has a capital stock of not less than Five Million ($5,000,000.00) Dollars and unless such corporation is solvent, dividend paying, and has not defaulted in the payment of any of its obligations for a period of five (5) years."

A representative of your department has informed us orally that there is no available information in the insurance department reflecting whether or not the corporation whose bonds are offered for sale is a dividend paying corporation which has not defaulted in the payment of any of its obligations for a period of five years.

In view of the foregoing statutes, you are respectfully advised that it is our opinion that the insurance carriers mentioned in Article 4706, Vernon's Annotated Civil Statutes, are authorized to invest in such bonds provided the corporation selling or offering to sell such bonds is a dividend paying corporation which has not defaulted in the payment of any of its obligations for a period of five years. It is our further opinion that the above mentioned bonds are eligible as tax reducing securities under Article 7064, supra, provided, such bonds are within the State of Texas for any tax year for which they are offered or claimed as tax reducing securities and provided, as above stated, that the corporation selling such bonds is a dividend paying corporation which has not defaulted in the payment of any of its obligations for a period of five years.

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED AUG 12, 1943
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

(This opinion considered and approved in limited conference)

AW:db:wb